**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | |
|---|---|
| ALPHONSUS ANTHONY<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Prince George's County)<br><br>　　　Plaintiff,<br><br>v.<br><br>CRESTVIEW WINE & SPIRITS, LLC<br>d/b/a CRESTVIEW WINE & SPIRITS<br>6705-6707 Annapolis Road<br>Landover Hills, MD 20784<br>(Prince George's County)<br><br>HALISHOR, LLC<br>d/b/a NEW CARROLTON LIQUORS<br>8433 Annapolis Road<br>New Carrollton, MD 20784<br>(Prince George's County)<br><br>JASPAL SINGH<br>1630 Howard Chapel Court<br>Crofton, MD 21114<br>(Anne Arundel County)<br><br>SURJIT SINGH<br>11859 Lime Kiln Road<br>Fulton, MD 20759<br>(Howard County)<br><br>　　　Defendants. | Civil Action No. _____ |

# COMPLAINT

1.  Plaintiff worked at Defendants' liquor stores as a cashier. Defendants did not pay Plaintiff overtime wages. Instead, Defendants paid Plaintiff the same regular hourly rate across all hours worked — including overtime hours. Furthermore, Defendants did not always pay Plaintiff the applicable Prince George's County minimum wage.

2.  Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, and the events that give rise to this action occurred in this district and division.

## Parties

5.  Plaintiff Alphonsus Anthony is an adult resident of Prince George's County, Maryland.

6.  Defendant Crestview Wine & Spirits, LLC is a Maryland corporate entity. It does business as Crestview Wine & Spirits. Its principal place of business is located at 6705-6707 Annapolis Road, Landover Hills, MD 20784. Its resident agent for service of process is Robert J. Kim, Esq., 6411 Ivy Lane, Suite 200, Greenbelt, MD 20770.

7. Defendant Halishor, LLC is a Maryland corporate entity. It does business as New Carrollton Liquors. Its principal place of business is located at 8433 Annapolis Road, New Carrollton, MD 20784. Its resident agent for service of process is Robert J. Kim, Esq., 6411 Ivy Lane, Suite 200, Greenbelt, MD 20770.

8. Defendant Jaspal Singh is an adult resident of Maryland. He resides at 1630 Howard Chapel Court, Crofton, MD 21114. He is an owner and officer of Defendant Crestview Wine & Spirits, LLC. He exercises control over the operations of Crestview Wine & Spirits, LLC — including its pay practices.

9. Defendant Surjit Singh is an adult resident of Maryland. He resides at 11859 Lime Kiln Road, Fulton, MD 20759. He is an owner and officer of Defendant Crestview Wine & Spirits, LLC. He exercises control over the operations of Crestview Wine & Spirits, LLC — including its pay practices.

**Factual Allegations**

10. Defendants own and operate Crestview Wine & Spirits ("Crestview"), a liquor store located at 6705-6707 Annapolis Road, Landover Hills, MD 20784.

11. Defendants own and operate New Carrollton Liquors, a liquor store located at 8433 Annapolis Road, New Carrollton, MD 20784.

12. Plaintiff worked at Crestview from approximately October 26, 2015 through approximately October 30, 2018.

13. While he worked at Crestview, Defendants also assigned Plaintiff to work part-time at New Carrollton Liquors. This occurred from approximately January 1, 2017 through approximately February 28, 2017.

14. Plaintiff worked at both stores as a cashier.

15. Plaintiff's job duties at both locations primarily consisted of working the cash register, opening and closing, stocking the store, cleaning, and general maintenance.

16. Prior to approximately June 1, 2018, Plaintiff typically and customarily worked 6 days per week at Crestview.

17. Prior to approximately June 1, 2018, Plaintiff typically and customarily worked approximately 60.0 hours per week at Crestview.

18. Starting on approximately June 1, 2018, Plaintiff typically and customarily worked approximately 50.00 hours per week at Crestview.

19. Moreover, from approximately January 1, 2017 through approximately February 28, 2017, Plaintiff typically and customarily worked one day a week at New Carrolton Liquors.

20. From approximately January 1, 2017 through approximately February 28, 2017, Plaintiff typically and customarily worked approximately ten hours a week at New Carrolton Liquors.

21. At all relevant times, Defendants paid Plaintiff by the hour.

22. Defendants paid Plaintiff approximately the following hourly rates:

| Approximate Dates | Hourly Rates |
|---|---|
| Oct. 26, 2015–Nov. 30, 2015 | $9.00 |
| Dec. 01, 2015–Sep. 30, 2016 | $9.55 |
| Oct. 01, 2016–Sep. 30, 2017 | $10.75 |
| Oct. 01, 2017–Oct. 30, 2018 | $11.50 |

23. The Prince George's county minimum wage was $9.55 per hour from October 1, 2015 through September 30, 2016, $10.75 per hour from October 1, 2016 through September 30, 2017, and $11.50 per hour from October 1, 2017 through the present.

24. Defendants did not always pay Plaintiff the Prince George's County minimum wage.

25. At all relevant times, Defendants paid Plaintiff partly in cash and partly by check.

26. At all relevant times, Defendants paid Plaintiff bi-weekly.

27. At all relevant times, Defendants paid Plaintiff in cash for all hours after 80 hours worked during each bi-weekly pay period.

28. Plaintiff worked more than 40 hours per workweek for Defendants.

29. Defendants paid Plaintiff the same regular hourly rate across all hours worked.

30. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of 40 in a workweek.

31. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable minimum wage during his first month of employment.

32. Defendants owe Plaintiff approximately $17,000.00 in minimum and overtime wages (excluding liquidated damages).

33. Defendants Jaspal Singh and Surjit Singh hired Plaintiff.

34. At all relevant times, Defendants Jaspal Singh and Surjit Singh supervised Plaintiff.

35. Defendant Surjit Singh told client to work part-time at New Carrollton Liquor.

36. At all relevant times, Defendants Jaspal Singh and Surjit Singh tendered payment to Plaintiff.

37. At all relevant times, Defendants had the power to hire and fire Plaintiff.

38. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

39. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

40. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

41. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

42. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable minimum wage.

43. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

44. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

45. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

46. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

47. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

48. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

49. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

50. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

51. Defendants' violations of the FLSA were willful.

52.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

53.     Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

54.     Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

55.     The MWHL requires that employers pay non-exempt employees at least $7.25 per hour before January 1, 2015, $8.00 per hour from January 1, 2015 through June 30, 2015, $8.25 per hour from July 1, 2015 through June 30, 2016, $8.75 per hour from July 1, 2016 through June 30, 2017, $9.25 per hour from July 1, 2017 through June 30, 2018, and $10.10 per hour from July 1, 2018 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

56.     The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

57.     Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

58.     Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of 40 hours in any one workweek.

59.     Defendants' violations of the MWHL were willful.

60.     For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

61. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

62. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

63. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

64. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

65. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

66. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

67. Defendants' violations MWPCL were willful.

68. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**57,050.00**, and grant the following relief:

    a. Award Plaintiff $51,000.00, consisting of the following overlapping elements:

      i.      unpaid federal overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii.      unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

      iii.      three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff reasonable attorney's fees and expenses (as of this date, approximately $5,650.00);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.

Date: November 29, 2018                                  Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*