# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| ALPHONSUS ANTHONY<br><br>    Plaintiff,<br><br>v.<br><br>CRESTVIEW WINE & SPIRITS, LLC, et al.<br><br>    Defendants. | Case No. 8:18-cv-03667-CBD |

## CONSENT MOTION TO APPROVE SETTLEMENT

Plaintiff moves the Court to approve the settlement reached in this matter and attached to this Motion as Exhibit A, *which provides him with the maximum possible relief to which he would be entitled under the Fair Labor Standards Act*.

I.     BACKGROUND

Plaintiff filed this action to recover unpaid minimum and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("WHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("WPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*, and the Maryland Workplace Fraud Act ("MWFA"), Md. Code, Lab. & Empl. Art., § 3-901 et seq.

In his Complaint, Plaintiff estimated that he might be owed approximately $17,000.00 in overtime wages. After discovery, the Parties were able to confirm that, should Plaintiff's theory of the case be correct, he would be owed exactly $9,340.58 in wages. *See* Exhibit B.[1]

---

[1] These calculations were produced by Defendants' counsel with corresponding documentation, reviewed by undersigned counsel, and cross-checked against Plaintiff's own documents and in interviews with Plaintiff. They have been re-formatted by undersigned counsel so that they are legible as a .pdf submission.

The settlement reached by the parties provides Plaintiff with exactly twice this amount: $18,681.16. This is the maximum amount to which the Plaintiff would be entitled under the FLSA. *See* 29 U.S.C. 216. Defendant considered making an offer of judgment in this amount, but did not want to risk the uncertainty of fee litigation.

And to be clear: this is the amount that Plaintiff will actually *receive*. Defendants will pay $11,318.84 of undersigned counsel's attorneys' fees and costs as a separately negotiated amount over and above what Plaintiffs will receive.

II.   ARGUMENT

Because the settlement agreement reached in this matter provides Plaintiff with full relief under the FLSA, the analysis in *Lynn's Food Stores, Inc. v. United States* is inapposite to approval of the parties' settlement. 679 F.2d 1350 (11th Cir. 1982) (discussing factors relevant to approval of a FLSA settlement when there is a *bona fide* dispute and the settlement reflects a compromise). In other words, there is no waiver of rights for the court to assess. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).[2]

WHEREFORE, Plaintiff respectfully requests that the Court approve the settlement reached by the parties and dismiss this case with prejudice.

---

[2] Moreover, in contrast to other agreements to which this Court has recently objected, there are no settlement terms that the Court might find objectionable.

3

Date: July 1, 2019

Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*