**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

| | |
|---|---|
| **ALPHONSUS ANTHONY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. CBD-18-3667 |
| ) | |
| **CRESTVIEW WINE & SPIRITS, LLC,** ) | |
| *ET AL.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **ORDER**

Plaintiff Alphonsus Anthony ("Plaintiff") brought claims alleging failure to pay minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* Plaintiff sought damages, including liquidated and treble damages, from Defendants Crestview Wine & Spirits, LLC, Halishor, LLC, Jaspal Singh and Surjit Singh (collectively "Defendants"). On July 1, 2019, the parties filed a Consent Motion to Approve Settlement ("Consent Motion") seeking the Court's approval for their settlement agreement. ECF No. 29. The Court has reviewed this motion, the attached exhibit, and the applicable law. For the following reasons, on this 2nd day of July 2019, the Court hereby **DENIES WITHOUT PREJUDICE** the parties' Consent Motion.

The Consent Motion presently before the Court contains little if any information by which the Court might assess it under the factors identified in *Saman v. LBDP, Inc.*, Civ. No. A. DKC-12-1083, 2013 WL 2949047 (D. Md. June 13, 2013). Plaintiff asserts that such analysis is

"inapposite to approval of the parties' settlement." Consent Mot. 2 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982)). However, it is the Court's responsibility to review FLSA settlement agreements for reasonableness. *Gionfriddo v. Jason Zink, LLC*, No. Civ. A. RDB-09-1733, 2011 WL 2791136, at *2 (D. Md. July 15, 2011) ("Settlement agreements that resolve claims pursuant to the FLSA must receive court approval.") (citations omitted). To ask the Court to decide a matter in the absence of sufficient information so long as the parties agree is to request that the Court engage in ceremonial rubberstamping. This Court will not eschew its responsibilities. Accordingly, as it is currently drafted the Consent Motion provides insufficient information and the Court is left with little choice but to deny it without prejudice.

Upon resubmission, the parties are advised to provide additional information addressing the *Saman* factors. Plaintiff is further advised to provide sufficient information as to his claims for attorneys' fees. This would include specific dates and details for the actions or tasks his counsel completed during the hours they billed to his case as well as the rates by which Plaintiff was charged. While the Court appreciates the parties' representation that they negotiated separately the amount of attorneys' fees and costs to be paid, Consent Mot. 2, the Court is still responsible for ensuring the reasonableness of this amount. Absent sufficient information, Plaintiff runs the risk of that portion of the Consent Motion being denied. *See, e.g.*, *Gionfriddo*, 2011 WL 2791136, at *3 ("Although this Court does not have sufficient information to rule on the reasonableness of the fees, this Court notes that there is evidence that at least suggests that the attorney's fees are unreasonable."). Plaintiff is further advised to include affidavits and/or declarations by individuals with personal knowledge as to the qualifications of his counsel in their representation of him in this wage and hour case.

In making this decision, the Court offers no opinion on the merits of the parties' Consent Motion.

July 2, 2019                                          /s/
                                          Charles B. Day
                                          United States Magistrate Judge

CBD/clc